UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENISE McFARLAND-DEIDA,

                              Plaintiff,

v.

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

Case # 17-CV-6534-FPG

DECISION AND ORDER

**INTRODUCTION**

Denise McFarland-Deida brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 10. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

**BACKGROUND**

On October 2, 2014, McFarland-Deida applied for SSI with the Social Security Administration ("the SSA"). Tr.[1] 136-41. She alleged disability since January 1, 2010 due to a brain aneurysm, memory issues, panic attacks, and dizziness. Tr. 184. On February 25, 2016, McFarland-Deida and a vocational expert ("VE") appeared and testified at a hearing before Administrative Law Judge Michael W. Devlin ("the ALJ"). Tr. 35-52. On May 4, 2016, the ALJ

---

[1] References to "Tr." are to the administrative record in this matter.

1

issued a decision finding that McFarland-Deida was not disabled within the meaning of the Act. Tr. 20-30. On June 16, 2017, the Appeals Council denied McFarland-Deida's request for review. Tr. 1-6. Thereafter, McFarland-Deida commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed McFarland-Deida's claim for benefits under the process described above. At step one, the ALJ found that McFarland-Deida had not engaged in substantial gainful activity since the application date. Tr. 22. At step two, the ALJ found that McFarland-Deida has the following severe impairments: history of brain aneurysm; history of seizures; headaches; arthritic pain in both hands; asthma; mild neurocognitive disorder; unspecified depressive disorder; adjustment disorder with depressed mood; unspecified anxiety disorder; alcohol use; and cannabis use in early remission. Tr. 22-23. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 23-25.

Next, the ALJ determined that McFarland-Deida retains the RFC to perform medium work[2] with additional limitations. Tr. 25-29. Specifically, the ALJ found that McFarland-Deida can occasionally lift, carry, push, and pull 50 pounds and frequently lift and carry 25 pounds; can stand, walk, and sit about six hours in an eight-hour workday; can frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds; can frequently balance, stoop, kneel, crouch, crawl, and reach, handle, and finger bilaterally; cannot work at unprotected heights or near moving machinery; and must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants. Tr. 25. As to her mental capacity, the ALJ found that McFarland-Deida can understand, remember, and carry out simple instructions and tasks; can frequently interact with coworkers and supervisors and occasionally interact with the public; can work in a

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the SSA] determine[s] that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

low-stress environment; and can consistently maintain concentration and focus for up to two hours at a time. *Id.*

At step four, the ALJ indicated that McFarland-Deida has no past relevant work. Tr. 29. At step five, the ALJ relied on the VE's testimony and found that McFarland-Deida can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 29-30. Specifically, the VE testified that McFarland-Deida can work as a laundry worker and furniture cleaner. Tr. 30. Accordingly, the ALJ concluded that McFarland-Deida was not "disabled" under the Act. *Id.*

## II. Analysis

McFarland-Deida argues that remand is required because the ALJ improperly weighed the medical opinion of consultative examiner Harbinder Toor, M.D. ECF No. 9-1 at 8-9; ECF No. 11. Specifically, McFarland-Deida asserts that the ALJ erred when he afforded "significant weight" to Dr. Toor's opinion but failed to adopt one of his limitations into the RFC assessment or explain why he rejected that limitation. *Id.* The Court agrees.

An ALJ must "evaluate every medical opinion [he] receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998); *see* 20 C.F.R. § 416.927(c). An ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions," *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). Thus, when

5

an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions. *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) (citation omitted); *see also Reider v. Colvin*, No. 15-CV-6157P, 2016 WL 5334436, at *5 (W.D.N.Y. Sept. 23, 2016) (noting that the claimant is entitled to have the ALJ "explain any rejection of the limitations assessed in [a medical source's] opinion").

After performing a physical examination, Dr. Toor opined that McFarland-Deida "has mild limitation doing fine motor activity with the hands." Tr. 257. His examination revealed that McFarland-Deida's hand and finger dexterity were not intact and that her grip strength was 4/5 bilaterally. Tr. 256. Dr. Toor indicated that McFarland-Deida had "slight tenderness" in her hands, and that she has "mild difficulty" grasping, holding, writing, tying shoelaces, zipping a zipper, buttoning a button, manipulating a coin, and holding objects. *Id.*

The ALJ summarized Dr. Toor's examination findings, including those related to McFarland-Deida's hands. Tr. 27. He also noted Dr. Toor's opinion that McFarland-Deida has mild limitation doing fine motor activity with the hands and afforded it "significant weight." Tr. 28. Specifically, the ALJ concluded that Dr. Toor's opinion is "generally consistent with the overall evidence of record," which "shows no significant physical health treatment." *Id.*

Despite the fact that the ALJ afforded "significant weight" to Dr. Toor's opinion that McFarland-Deida has mild limitation doing fine motor activity with the hands, the ALJ found that McFarland-Deida can "frequently reach, handle, and finger bilaterally." Tr. 25. The ALJ did not explain why he rejected Dr. Toor's opinion or how the record otherwise supported this RFC finding.

McFarland-Deida asserts that the ALJ's failure to reconcile the RFC assessment with Dr. Toor's opinion as to her ability to use her hands was particularly harmful because VE testimony

6

establishes that this limitation would eliminate the jobs the ALJ identified at step five. The Court agrees. *See Dioguardi*, 445 F. Supp. 2d at 298 (noting that the ALJ's "failure to reconcile the RFC assessment with medical source statements was error, and based upon the testimony given by the vocational expert, the failure was not harmless").

At McFarland-Deida's hearing, the VE indicated that the laundry worker and furniture cleaner jobs would not be available if she could only occasionally use her hands bilaterally. Tr. 50. The VE further testified that there are no jobs at the medium exertion level that an individual could perform with this limitation. Tr. 50-51. Thus, Dr. Toor's opinion that McFarland-Deida has mild limitation doing fine motor activity with the hands is potentially very favorable to her disability claim, and the ALJ erred when he rejected this opinion without explanation.

Although the Commissioner provides several reasons why she thinks the ALJ properly determined that McFarland-Deida could frequently reach, handle, and finger bilaterally despite Dr. Toor's contrary opinion, the ALJ's decision did not give any of these reasons. The Commissioner may not substitute her own rationale when the ALJ failed to provide one. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (quotation marks and citation omitted).

For the reasons stated, the Court finds that the ALJ erred when he afforded "significant weight" to Dr. Toor's opinion that McFarland-Deida had mild hand limitations, but failed to explain his finding that McFarland-Deida can nonetheless frequently reach, handle, and finger bilaterally. Accordingly, remand is required. *See Searles v. Astrue*, No. 09-CV-6117, 2010 WL 2998676, at *4 (W.D.N.Y. July 27, 2010) (remanding where "the ALJ failed to explain why he ignored portions of an opinion for which he granted 'significant weight'").

**CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 1, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court